ROBERTS, Justice.
The sole issue here is the constitutionality vel non of Ch. 30607, Special Acts of 1955. This Act reads as follows:
“Section 1. The county commissioners of Brevard county shall cause to be placed on the ballot at the general *138 election in 1956 the proposition of whether or not all justice districts in Brevard county shall he abolished.
“Section 2. If a majority of those electors voting on the proposition vote in favor of all justice districts being abolished then they shall all stand abolished as of the first Tuesday after the first Monday in January of 1957, and no candidate for constable or justice of peace shall be declared elected, even though his name might have been on said ballot. If a majority of those electors voting on the proposition vote against said justice districts being abolished, then this act shall be null and void and said justice districts shall continue undisturbed.”
The lower court held the foregoing Act unconstitutional in a suit for a declaratory decree filed by plaintiff-appellee, a constable in Justice District No. 6 in Brevard County, and this appeal has been taken by the County.
The gist of the appellee's argument in support of the lower court’s decree is that nowhere in the Act did the Legislature actually abolish justice districts, and that the Act, in effect, unconstitutionally delegates to the electors of the County the power to do so. As stated in his brief, “In other words, the Legislature must first exercise the power by a proper enactment and the referendum is a power in the people to veto that legislative action. In the present case the Legislature attempted to delegate to the voters the power to make the initial decision without ever making that pronouncement itself.”
We do not so construe the Act. It provides that, if approved at the referendum election, the justice districts “shall all stand abolished * * * ”; and that, if disapproved, “then this act shall be null and void and said justice districts shall continue undisturbed.” If the law can fairly be construed so as to make it lawfully enforceable, it is our duty, in deference to the lawmaking power, to give it that effect rather than to adjudge a legislative enactment to be illegal or vain. Peninsular Industrial Ins. Co. v. State, 61 Fla. 376, 55 So. 398. Here, the Legislature clearly intended to abolish justice districts, subject to the approval of such abolition by the electorate in a referendum election as required by § 21, Art. V, of our constitution, F.S.A. The legislative intent being clear, we think it would be cavilling to hold that, by putting the cart before the horse so to speak, the legislative intent is nullified.
Accordingly, the decree appealed from should be and it is hereby
Reversed.
TERRELL, C. J., and DREW, THOR-NAL and O’CONNELL, JJ., concur.